IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 2, 2024

**STATE OF TENNESSEE v. BRANDON M. JONES**

**Appeal from the Circuit Court for Madison County**
**No. 20-30-A  Donald H. Allen, Judge**

———————————————————

**No. W2023-00758-CCA-R3-CD**

———————————————————

Defendant Brandon M. Jones was convicted by a jury of seventeen counts of a twenty-seven-count indictment.  The offenses involved the possession of methamphetamine, marijuana, drug paraphernalia, and a firearm.  He was sentenced as a Range II offender to a total effective sentence of thirty-five years.  On appeal, Defendant contends the trial court erred in allowing the jury to deliberate late into the evening before reaching a verdict in a bifurcated trial in violation of his Sixth Amendment right to a jury trial.  Following our review of the entire record, the briefs of the parties, and applicable authority, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed.**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JOHN W. CAMPBELL, SR., JJ., joined.

Marcus A. Lipham, Jackson, Tennessee, for the appellant, Brandon M. Jones.

Jonathan Skrmetti, Attorney General and Reporter; Katherine Orr, Assistant Attorney General; Jody Pickens, District Attorney General; and Bradley F. Champine, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

The trial transcript is not included in the record; however, we glean from the trial court's findings at sentencing that on June 5, 2019, Defendant and his co-defendant, Justin H. Staten were pulled over for speeding.  Co-defendant Staten pulled into the parking lot of the Flash Market.  Defendant was seen opening the front passenger side door and throwing a bag underneath another car parked at the market.  The bag contained what was

later determined to be 38.84 grams of methamphetamine and 23.19 grams of marijuana.[1] Defendant was also seen throwing a gun either into or underneath another car parked at the market. The incident was captured on the arresting officer's police vehicle's dashboard camera, the officer's body camera, and the surveillance cameras at the Flash Market. The incident was also witnessed by several customers. At sentencing, the trial court recalled that the evidence against Defendant was "pretty substantial" and "overwhelming."

Defendant and co-defendant Staten were each charged with possession with intent to sell methamphetamine (count one), possession with intent to deliver methamphetamine (count two), possession with intent to sell marijuana (count three), possession with intent to deliver marijuana (count four), possession of an unlawful drug paraphernalia (count five) and four counts of possession of a firearm during the commission of a dangerous felony (counts six to count nine).

Defendant alone was charged with two counts of possession of a firearm having previously been convicted of a felony drug offense (counts ten and eleven), nine counts of possession of a firearm during the commission of a dangerous felony having previously been convicted of a dangerous felony (counts twelve to twenty), and seven counts of possession of a firearm during the commission of a dangerous felony having previously been convicted of the same offense (counts twenty-two to twenty-seven).

Co-defendant Staten pled guilty before Defendant's trial. At trial, the jury found Defendant guilty as charged in counts one, three, five, six, and eight. The jury convicted Defendant of the lesser included offenses of simple possession of methamphetamine in count two and simple possession of marijuana in count four and found him not guilty of two counts of possession of a firearm with the intent to go armed (counts seven and nine).

In a bifurcated hearing on the gun enhancement offenses (counts ten to twenty-seven), the jury found Defendant guilty of two counts of possession of a firearm with a prior felony drug conviction (counts ten and eleven); five counts of possession of a firearm with a prior dangerous felony conviction (counts twelve, fourteen, sixteen, eighteen, and twenty); and three counts of possession of a firearm with a prior conviction for possession of a firearm during the commission of a dangerous felony (counts twenty-two, twenty-four, and twenty-six). The trial court dismissed the remaining eight counts of the gun enhancement offenses (counts thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, and twenty-seven).

---

[1] This information was taken from the official forensic chemistry report which was one of the exhibits at trial. While the trial transcript is not included in the appellate record, the exhibits are included.

Sentencing was held on August 9, 2021. The trial court sentenced Defendant, a Range II offender, to a total effective sentence of thirty-five years. The judgments were entered by the trial court clerk on August 26, 2021.

On September 24, 2021, Defendant filed a motion for new trial alleging the trial court committed plain error by allowing the jury to deliberate late in the evening and nine hours after the last formal meal break for a total of fourteen hours. The State responded that the issue was waived because Defendant failed to object contemporaneously.

At the January 19, 2022 hearing on the motion for new trial, no proof was offered, and only the arguments of the parties were heard. Following the conclusion of arguments, the trial court reviewed the timeline of the trial using a transcript provided by defense counsel. The trial court made the following findings in the order denying the motion for new trial:

- The venire was instructed to report at 8:45 a.m.
- Jury selection began at or around 9:00 a.m.
- The jury stood in recess to have lunch from 12:35 p.m. to 1:45 p.m.
- After the conclusion of the proof, closing arguments, and jury instructions, the jury retired to deliberate in the first phase of the trial beginning at 6:01 p.m.
- The jury reached a verdict on counts one to eleven at 8:30 p.m.
- The jury was dismissed to the deliberation room while the trial court took up the issue of the bifurcated counts at about 8:35 p.m. After conferring with counsel, Defendant elected to try the remaining counts before the jury.
- After the State presented additional proof, the jury began deliberating on the remaining gun enhancement counts and reached a verdict at 10:24 p.m.

In addition to the timeframe of the proceedings, the trial court found that Defendant made no objection regarding the jury deliberations, nor did he make any request that the jury recess for the evening or take a break at any time. The trial court also noted that it repeatedly asked the jury whether anyone needed a break or snack, and gave the jury the opportunity to do so, as well as instructions on how to let the trial court know if a break was needed. Citing two pages in the transcript, the trial court noted that the jury took a break prior to deliberating in the first phase of the trial. The trial court also recalled that the jurors were permitted to take a break if so requested and were allowed restroom breaks throughout the trial and during deliberations. The trial court found further that before deliberating on the bifurcated counts, the jury did not request another break or recess, but elected to continue deliberating until a verdict was reached that evening. Finally, the trial court noted that at the motion for new trial hearing, no proof was presented that any juror voiced fatigue, requested a break, or expressed a desire to recess for the evening.

At the hearing, counsel for Defendant agreed with the trial court's timeline of the trial and acknowledged that no request had been made to dismiss the jury for the evening. The trial court found no error in permitting the jury to deliberate into the evening on the first eleven counts of the indictment and to continue deliberating on the gun enhancement offenses. The motion for new trial was denied and the order denying the motion was entered January 25, 2022. At the close of the hearing, counsel for Defendant confirmed that he had been retained to represent Defendant on appeal.

Although represented by counsel, Defendant filed a pro se "Notice of Delayed Appeal and Motion for Appellate Counsel" on May 23, 2023, alleging that counsel failed to file a notice of appeal following the denial of the motion for new trial on January 25, 2022. In response to this court's order, trial counsel acknowledged that he was aware Defendant wanted him to represent him on appeal, but trial counsel neither filed a motion to be appointed on appeal, nor did he move to withdraw as required under Rule 37(e) of the Tennessee Rules of Criminal Procedure. Counsel failed to explain why he took no action regarding Defendant's appeal until ordered by this court to respond. Ultimately, this court waived the timely filing of Defendant's notice of appeal in the interest of justice and treated the notice as timely filed as of the date of the court's order, June 9, 2023.

**Analysis**

On appeal, Defendant contends the trial court committed plain error "by failing to adjourn the jury at a proper time and for failing to ensure the jurors were properly nourished." The State argues that the issue is waived because Defendant failed to make a contemporaneous objection, raised it in an untimely motion for new trial, failed to provide an adequate record for review, and failed to make any argument supporting the issue. In a footnote, the State asks this court to reconsider its ruling waiving the timely filing of the notice of appeal because this court was not informed about Defendant's untimely motion for new trial. Defendant did not reply to the State's contention regarding the timeliness of his motion for new trial. Alternatively, the State argues that Defendant is not entitled to review under plain error because the record does not clearly establish what occurred at trial.

Initially, we address the State's argument that Defendant's motion for new trial was untimely filed and its request to reconsider waiving the timely filing of Defendant's notice of appeal. A motion for new trial "shall be in writing . . . within thirty days of the date the order of sentence is entered." Tenn. R. Crim. P. 33(b). "[T]he effective date for entry of a judgment or order of sentence is the date of its filing with the court clerk after being signed by the judge." *State v. Vaughn*, 279 S.W.3d 584, 593 (Tenn. Crim. App. 2008) (citation omitted); *see also* Tenn. R. Crim. P. 32(e)(1) ("A judgment of conviction shall be signed by the judge and entered by the clerk.").

- 4 -

The State contends the judgments were entered on August 9, 2021, and Defendant's motion for new trial, filed on September 24, 2021, was therefore untimely. The record shows that the trial court made an oral pronouncement of Defendant's sentence at the conclusion of the sentencing hearing held on August 9, 2021; however, the judgments of conviction were not filed by the trial court clerk until August 26, 2021, as indicated by the trial court clerk's file-stamp which appears on all seventeen judgment forms. Defendant had until Monday, September 26, 2021, to file a timely motion for new trial. Tenn. R. Crim. P. 33(b); Tenn. R. Crim. P. 45(a)(2) (extending deadline to the next business day the courthouse is open or accessible when the last day for filing falls on a Saturday or Sunday). Thus, Defendant's motion for new trial, filed on September 24, 2021, was timely. Accordingly, this renders moot the State's request to reconsider waiving the timely filing of Defendant's notice of appeal.[2]

We agree with the State, however, that the sole issue on appeal is waived for a number of reasons. First, Defendant failed to object contemporaneously. "Objections to improper procedure must be voiced contemporaneously to give the trial judge the opportunity to correct the error on the spot. In the absence of a contemporaneous objection, any error was waived." *State v. Walls*, 537 S.W.3d 892, 899 (Tenn. 2017) (quoting *State v. Estes*, 655 S.W.2d 179, 186 (Tenn. Crim. App. 1983); *see also* Tenn. R. App. P. 36(a). By requesting plain error review, Defendant has conceded that no contemporaneous objection was made regarding the jury deliberations.

Next, Defendant failed to provide a record adequate for this court to conduct a meaningful review. *See* Tenn. R. App. P. 24(b) (noting that the appellant has the duty to have prepared those parts of the proceedings which are "necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal"). Here, the trial transcript documenting the jury charge and deliberations and procedures implemented by the trial court, is not part of the appellate record.

Finally, Defendant failed to properly brief the issue. Arguments must set forth "reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record." Tenn. R. App. P. 27(a)(7). "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. 10(b). Although Defendant cites the relevant authority on plain error, he does not address the factors to establish plain error applicable to this case, nor does he make appropriate references to the record. For these reasons, Defendant has waived review of this issue.

---

[2] This court notes, however, that this request was raised in a footnote with no supporting authority and was not presented in a manner prescribed by Rule 27(b) of the Tennessee Rules of Appellate Procedure.

Waiver notwithstanding, this court may nonetheless consider whether a plain error analysis is applicable in this case. *State v. Ennix*, 653 S.W.3d 692, 700-01 (Tenn. 2022) (holding plain error review is the proper standard to review where no contemporaneous objection was made at trial, but the issue was raised in the motion for new trial); *Walls*, 537 S.W.3d at 900-01.

To obtain relief under plain error, the defendant must demonstrate the existence of five factors: (1) the record clearly establishes what occurred in the trial court; (2) a clear and unequivocal rule of law was breached; (3) a substantial right of the accused was adversely affected; (4) the accused did not waive the issue for tactical reasons; and (5) consideration of the error is necessary to do substantial justice. *Walls*, 537 S.W.3d at 901 (citing *State v. Martin*, 505 S.W.3d 492, 504 (Tenn. 2016)). Unless all five factors are established in the record, this court will not recognize the existence of plain error. *Id.*

Although the issue here necessarily implicates the defendant's right to a jury trial, it does so by questioning the trial court's procedure regarding late-night trial proceedings. *Id.* at 899-900. In *Walls*, the supreme court found no clear and unequivocal rule of law was breached because there was no clear and unequivocal rule of law concerning late-night trial proceedings. *Id.* at 904-05; *see also State v. Hite*, No. W2022-00678-CCA-R3-CD, 2023 WL 4619515, at *19 (Tenn. Crim. App. July 19, 2023) (finding no error, much less plain error, in trial court's handling of jury deliberations where the trial court repeatedly offered the jurors the option of returning to the hotel for the night and deliberating the next day but the jurors unanimously agreed to continue deliberating until 10:00 p.m. and then until 10:30 p.m.), *perm. app. denied* (Tenn. Nov. 20, 2023); *State v. Avant*, No. W2018-01154-CCA-R3-CD, 2019 WL 3072131, at *9 (Tenn. Crim. App. July 12, 2019) (finding no unequivocal rule had been breached where the trial court did not require the sequestered jury to continue deliberation on Saturday night or instruct the jury to make a decision that evening because there would be no deliberation on Sunday and Monday, a State holiday).

Under plenary review, a trial court's decision to allow or require late-night jury deliberations is reviewed for an abuse of discretion. *Walls*, 537 S.W.3d at 904-05. Discretion is abused when a court "applies an incorrect legal standard, reaches a conclusion that is not logical, bases its decision on a clearly erroneous assessment of the evidence, or uses reasoning that causes an injustice to the complaining party." *Id.* (quoting *State v. Davidson*, 509 S.W.3d 156, 193 (Tenn. 2016)).

In this case, the record does not clearly establish what occurred in the trial court because the trial transcript is not part of the appellate record. Consequently, we are precluded from reviewing the trial court's handling of jury deliberations. Moreover, because the record includes the trial court's detailed findings denying the motion for new trial on the jury deliberation issue, we presume the trial court's ruling is correct and

supported by sufficient evidence in the absence of an adequate record. *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. 1991). Because one of the five factors for plain error review has not been satisfied, we decline to consider the remaining factors. *Walls*, 537 S.W.3d at 901. Thus, we will not review this issue for plain error. Defendant is not entitled to relief.

## Conclusion

For the foregoing reasons, the judgments of the trial court are affirmed.


_____
JILL BARTEE AYERS, JUDGE